**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GUSTAVO TERRAZAS,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-0752-17-0378-I-1 |
| 　　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　　Agency. | DATE: June 2, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Megan Zeller, Esquire, and Bobby R. Devadoss, Esquire, Dallas, Texas, for
　the appellant.

Robert H. Moore, Esquire, Del Rio, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the Board's recent decision in *Singh v. U.S. Postal Service*, 2022 MSPB 15, we AFFIRM the initial decision.

¶2     In his petition for review, the appellant contends that the administrative judge erred in denying his motion to strike the agency's closing brief, which was filed 1 day after the deadline due to the agency's inadvertent failure to send it by overnight delivery. Initial Appeal File (IAF), Tabs 22-25. We discern no abuse of discretion on the part of the administrative judge, and the appellant has not shown that his substantive rights were adversely affected by the ruling, which also provided him a corresponding 1-day extension to file a rebuttal. IAF, Tab 26; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (holding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). We have considered the appellant's other arguments on review but find they provide no basis for overturning the administrative judge's findings and conclusions of law.[2] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106

---

[2] Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that discrimination or retaliation was a "but-for" cause of the agency's decisions. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

(1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶3      In addressing appellant's claim of disparate penalties, the administrative judge cited *Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657 (2010), for the proposition that an appellant alleging disparate treatment must show that there is enough similarity between both the nature of the misconduct and other relevant factors to lead a reasonable person to conclude that the agency treated similarly situated employees differently but that the Board will not have hard and fast rules regarding the "outcome determinative" nature of those factors. *Id.*, ¶ 15; IAF, Tab 28, Initial Decision at 20.  In our recent decision in *Singh*, 2022 MSPB 15, ¶ 14, the Board overruled *Lewis* to the extent it is contrary to *Facer v. Department of the Air Force*, 836 F.2d 535 (Fed. Cir. 1988), in which our reviewing court held that the proper inquiry is whether the agency knowingly treated employees "in a way not justified by the facts, and intentionally for reasons other than the efficiency of the service," *id.* at 536.  The Board also reaffirmed the standard set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981), which requires that similarly situated employees must have engaged in the same or similar offenses, and overruled case law to the contrary, *Singh*, 2022 MSPB 15, ¶ 17.  In addition, the Board reiterated that consistency of the penalty with those imposed on other employees for the same or similar offenses is only one of many factors to be considered in determining an appropriate penalty and is not necessarily outcome determinative. *Id.*, ¶ 18.

¶4      For the same reasons the administrative judge found the appellant did not meet his burden under *Lewis*, we conclude he did not meet his burden under the standard set forth in *Singh*.  The first of the three alleged comparators, Employee A, was suspended for 2 days for conduct unbecoming based on an incident in which he was involved in a public disturbance while publicly intoxicated, was

taken into custody for allegedly hitting a woman with his fist, and subsequently "made facial gestures" at the woman while in custody. IAF, Tab 21 at 38-43. The charges against Employee A were later dropped, however, *id.* at 41, and he was not charged with any misconduct involving a lack of candor. Thus, we find he did not engage in the same or similar conduct as the appellant. Employee B was suspended for 30 days for lack of candor, failure to follow procedures, and conduct unbecoming. *Id.* at 45-51. However, Employee B was not charged with any crime and also had nearly twice as many years of service as the appellant. *Id.* at 47, 49. Again, we find the alleged comparator did not engage in the same or similar conduct as the appellant. In the case of Employee C, who was charged with failure to cooperate in an official investigation, conduct unbecoming, and failure to report missing and recovered property, the agency sustained the proposed removal action but permitted him to return to duty pursuant to a last chance agreement. *Id.* at 58. However, with exceptions not applicable here, the Board will not require an agency to explain lesser penalties imposed against employees whose charges were resolved by settlements, despite apparent similarities in circumstances. *Hulett v. Department of the Navy*, 120 M.S.P.R. 54, ¶ 7 (2013). Thus, we agree with the administrative judge's conclusion that the appellant failed to identify any proper comparators.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          /s/ for
                        _____
                        Jennifer Everling
                        Acting Clerk of the Board
Washington, D.C.